Issac OVERBEE, Jr.; Betty S. Overbee, Plaintiffs-Appellants,

v.

VAN WATERS & ROGERS; Univar, Inc., Defendants-Appellees.

No. 84–3324.

United States Court of Appeals, Sixth Circuit.

Argued March 15, 1985.

Decided June 19, 1985.

Bernard K. Bauer, argued, O'Brien & Bauer Co., L.P.A., Findlay, Ohio, for plaintiffs-appellants.

M. Donald Carmin, argued, Eastman and Smith, Toledo, Ohio, for defendants-appellees.

Before MERRITT, and MILBURN, Circuit Judges, and GILMORE, District Judge.*

MILBURN, Circuit Judge.

In this second appeal to this court, plaintiffs present the question of whether relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) in a diversity action should be granted, where during the first appeal to this court, the Ohio Supreme Court settled a question of law adversely to the plaintiffs, but during the remand from this court on an unrelated issue, the state court reversed itself with the result that the federal district court was clearly in error on a question of Ohio state law.

* The Honorable Horace W. Gilmore, Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

I.

Plaintiffs originally filed this products liability action in Ohio state court seeking recovery in strict liability and negligence for injuries received by Mr. Overbee in an industrial accident. The case was subsequently removed to federal court pursuant to diversity jurisdiction. At the close of plaintiffs' proof, the defendants obtained a directed verdict on the issue of strict liability. At the end of all proof, the plaintiffs requested an instruction on comparative negligence; however, the court instructed the jury on contributory negligence. The jury returned a verdict in favor of the defendants on the issue of negligence and the court entered judgment on April 3, 1981. Plaintiffs then moved for a judgment notwithstanding the verdict and an evidentiary hearing pursuant to a Rule 59 motion for a new trial based on the allegation that extraneous prejudicial information was improperly brought before the jury. The court denied all motions without conducting a hearing on the jury misconduct issue. Plaintiffs then filed their first appeal.

Effective June 20, 1980, the Ohio legislature substituted comparative negligence for contributory negligence. Ohio Rev. Code Ann. § 2315.19 ("Act"). The legislation was unclear, however, as to whether the new Act applied only to those causes of action that accrued after June 20, 1980, or to actions tried after that date. (This cause of action accrued on November 11, 1977; trial began on March 31, 1981.) On August 11, 1982, while the case *sub judice* was on the first appeal, the Supreme Court of Ohio held that the Act establishing comparative negligence applied only to causes of action which accrued after June 20, 1980. *Viers v. Dunlap*, 1 Ohio St.3d 173, 438 N.E.2d 881 (1982). Although in their post-trial motions and in their brief in the first appeal to this court plaintiffs urged the applicability of comparative negligence, the plaintiffs conceded during oral argument that the

issue was settled as a result of the *Viers* decision. *Overbee v. Van Waters & Rogers*, 706 F.2d 768, 770 n. 2 (6th Cir.1983).

On May 10, 1983, this court affirmed the district court's directed verdict on the issue of strict liability, but reversed the court's denial of the motion for a new trial holding that the district court erred in refusing to hold an evidentiary hearing on the issue of jury misconduct and remanded the case for an evidentiary hearing on that issue. While the case was on remand to the district court for reconsideration of the motion for a new trial, but prior to the evidentiary hearing, the Ohio Supreme Court reversed itself and held that the Act, *supra*, applied to all actions tried after June 20, 1980. *Wilfong v. Batdorf,* 6 Ohio St.3d 100, 451 N.E.2d 1185 (1983). Consequently, the plaintiffs filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(6) for relief from the judgment requesting a new trial in order that the jury might be instructed on comparative negligence.

Upon remand the district court conducted the evidentiary hearing and thereafter held that there was no basis for setting aside the jury verdict. In the same opinion and order, the court overruled the Rule 60(b)(6) motion for relief from judgment without analysis. Judgment was entered for the defendants and this appeal followed.

## II.

Federal Rule of Civil Procedure 60(b)(6) provides, in pertinent part, that:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: ... (6) any other reason justifying relief from the operation of the judgment.

Relief from judgment under Rule 60(b)(6) is appropriate to accomplish justice in an extraordinary situation and is addressed to the sound discretion of the court. *Pierce v. Cook & Co.*, 518 F.2d 720 (10th Cir.1975), *cert. denied*, 423 U.S. 1079, 96 S.Ct. 866, 47 L.Ed.2d 89 (1976). Numerous courts have

held that the mere showing of a change in the law is not enough to demonstrate such an extraordinary situation when the judgment has become final. *See, e.g., id.* However, we are of the opinion that the unique facts of this case compel the granting of the motion and accordingly, we hold that the district court abused its discretion in denying the motion.

■ in our view, at the time the plaintiffs filed the motion, the judgment was not final. On the date of the filing of the Rule 60(b)(6) motion, the district court had not held the evidentiary hearing on the issue of jury misconduct pursuant to this court's reversal of the denial of the plaintiffs' motion for a new trial. A motion for a new trial suspends the finality of a judgment. *See Morse v. United States*, 270 U.S. 151, 46 S.Ct. 241, 70 L.Ed. 518 (1926) (motion for new trial suspends the running of time for taking an appeal).

Second, we think this case presents extraordinary circumstances justifying relief from the April 3, 1981, judgment. The action of the Ohio Supreme Court in reversing itself within one year is certainly an unusual occurrence. Had that court reached the decision in *Viers, supra,* that it ultimately reached in *Wilfong, supra,* plaintiffs would have prevailed on the instruction issue during the first appeal to this court. *See Vandenbark v. Owens-Illinois Glass Co.*, 311 U.S. 538, 61 S.Ct. 347, 85 L.Ed. 327 (1941) (federal appellate courts must apply state law in accordance with then controlling decision of the state courts even if such requires reversal of a judgment which was correct when rendered); *Junge v. Brothers*, 16 Ohio St.3d 1, 475 N.E.2d 477 (1985) (per curiam) (jury given contributory negligence instruction in trial commenced after June 20, 1980; direct appeal pending when *Wilfong* decided; held, appellant entitled to new trial with comparative negligence instruction). *Cf. Doggrell v. Great Southern Box Co.*, 208 F.2d 310 (6th Cir.1953) (change in state law while petition for rehearing pending before federal appellate court). Relief under Rule 60(b)(6) should be provided "when substantial justice will thus be served."

*Radack v. Norwegian America Line Agency, Inc.,* 318 F.2d 538, 542 (2d Cir. 1963). In our opinion justice would not be served by penalizing plaintiffs for the actions of the Ohio Supreme Court.

██ The defendants argue that the plaintiffs failed to effectively and properly object to the court's refusal to give the comparative negligence charge. Our review of the record convinces us that this argument is without merit. Additionally, the defendants contend that this court does not have the power to review or reopen an aspect of litigation from which a prior appeal was taken, then conceded and abandoned. Although plaintiffs may have conceded the instruction issue during the first appeal to this court, *see* 706 F.2d at 770 n. 2, we believe that this argument is without merit. Plaintiffs timely raised the issue before the district court as soon as possible following the *Wilfong* decision. This is all that could be expected and nothing more should be required.

### III.

For the reasons stated herein, the decision of the district court is REVERSED and the case is remanded with instructions to grant the plaintiffs a new trial.