JUSTICE HARRISON
delivered the Opinion of the Court.
This is an appeal from an order of the Thirteenth Judicial District Court, Yellowstone County, Montana, which granted summary judgment to the respondent. The action arose from a negligence claim involving a student who was injured while attempting a teacher-supervised weight lifting maneuver at his junior high school. The District Court denied appellant’s motion for relief from judgment under Rule 60(b), M.R.Civ.R We reverse.
We restate the issues presented by the parties as follows:
I. Whether the District Court properly granted summary judgment to the School District on the basis of immunity.
II. Whether the District Court properly denied the plaintiff’s Motion for Relief from Judgment pursuant to Rule 60(b) of the Montana Rules of Civil Procedure.
In mid-October, 1985, John Koch (Koch), then fifteen years old, was injured while attending a physical education class at Castle Rock Junior High School. Koch’s teacher, Fred Brautigan (Brautigan), instructed Koch to squat-press weights totalling 360 pounds. Koch apparently protested but was instructed to try lifting the weight. After attempting to stand from a squatting position with the 360 pounds on his shoulders, Koch could not sustain the weight and collapsed. The weight pinned Koch for several seconds before Brautigan could remove it. Koch allegedly suffered a bulged disc, lumbar sprain, spinal nerve compression and other related injuries, including a mental condition of depression.
Koch initiated suit against three defendants: 1) The Board of *264 Trustees (the Board); 2) the teacher Brautigan; and 3) School District No. 2 (School District).
On April 12, 1989, the District Court granted partial summary judgment to the Board and Brautigan pursuant to § 2-9-305, MCA. The School District, the only remaining defendant, moved for summary judgment based on § 2-9-111, MCA (1989). Koch opposed this motion for summary judgment and moved for reconsideration of the previous partial summary judgment. On February 7, 1990, the District Court granted summary judgment to the School District based on Eccleston v. Third Judicial Dist. Court (1990), 240 Mont. 44, 783 P.2d 363, [8 Ed.Law 146g]. Koch did not appeal from either summary judgment.
Subsequently, this Court decided various cases addressing § 2-9-111, MCA, including Crowell v. School Dist. No. 7 (1991), 247 Mont. 38, 805 P.2d 522 [,9 Ed.Law 76]; and Hedges v. Swan (Mont. 1991), [248 Mont. 365,] 812 P.2d 334, 48 St.Rep. 449 [.10 Ed. Law 113], On March 15, 1991, Koch filed a motion for relief from judgment, which was deemed denied since the District Court did not act on the motion within forty-five days. Koch appealed to this Court on June 25,1991, desiring relief from the order granting summary judgment, and a trial on the merits.
RELIEF UNDER RULE 60(b), M.R.Civ.P.
We first address the ability of a court to offer relief from judgment under Rule 60(b), M.R.Civ.P., which is nearly identical to the equivalent Federal rule, Rule 60(b), F.R.Civ.P.
The provisions of this rule must be carefully interpreted to preserve the delicate balance between the sanctity of final judgments, expressed in the doctrine of res judicata, and the incessant command of the court’s conscience that justice be done in light of all the facts.
Bankers Mortgage Co. v. United States (5th Cir. 1970), 423 F.2d 73, 77 (emphasis in original).
Rule 60(b), M.R.Civ.P, sets forth the reasons under which the “court may relieve a party or a party’s legal representative from a final judgment, order, or proceeding.”
Koch claims that subsections (5) and (6) of Rule 60(b) are applicable to the case at bar:
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment *265 should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.
Rule 60(b), M.R.Civ.P. (emphasis added).
A careful reading of the statute discloses the word “or” at the end of subsection (5) which we have emphasized. “[I]t is generally held that if a party seeks relief under any other subsection of Rule 60(b), it cannot also claim relief under 60(b)(6).” Libby Rod & Gun Club v. Moraski (D. Mont. 1981), 519 F.Supp. 643, 647. Accordingly, Koch erroneously attempted to qualify under both subsections. Koch’s Rule 60(b) motion should have claimed that the motion could fall under either subsection (5) or (6), but not both, since the two are mutually exclusive.
APPLICABILITY OF RULE 60(b)(5)
Koch claims that subsection (5) of Rule 60(b) applies to the case at bar because of the change in law regarding immunity. This change is best explained by an overview of relevant case law and legislative amendments. In 1990, we held that a school district was immune from suit when a janitor failed to clear ice and snow from a gym stairway where a plaintiff slipped and sustained injuries. Eccleston v. Third Judicial Dist. Ct. (1989), 240 Mont. 44, 783 P.2d 363. The question of whether the School District had insurance was discussed in Eccleston, 240 Mont. at 61, 783 P.2d at 373, Justice John C. Sheehy, in his dissent, noted:
There is a sardonic element in this case. The real party in interest shouting “governmental immunity” is probably an insurer. It sold a policy to the school district, promising coverage for comprehensive liability. Because of this Court, the insurer was never at risk for any wrongful acts of the school district personnel outside of motor vehicles. Its premium is pure gravy ....
Then, In 1991, this Court held that a school district’s immunity was waived by the existence of Lability insurance, to the extent of such insurance. Crowell v. School Dist. No. 7, Gallatin Cty. (1991), 247 Mont. 38, 805 P.2d 522.
In the case at bar, the District Court relied on Eccleston when granting the School District’s motion for summary judgment. Due to the state of the law at that time, Koch did not appeal. After our holding in Crowell, Koch identified the change in the status of immunity and applied for relief from judgment under Rule 60(b)(5), M.R.Civ.P.
Koch is correct in observing that a change has taken place in the *266 area of immunity law, however this is not a valid reason under which a Rule 60(b)(5) motion may be granted. We have previously said that a change in decisional law after final judgment, does not represent extraordinary circumstances under Rule 60(b) so as to allow reopening of that judgment. We have also held:
In Fiscus II [Fiscus v. Beartooth Elec. Cooperative, Inc.] (1979), 180 Mont. 434, 439, 591 P.2d 196, 199] this Court stated "... only in an extraordinary case should Rule 60(b) be granted. There is considerable authority holding that when a decision is later overruled by a court, that it is not ‘extraordinary*...” 591 P.2d at 199 (citing cases). We went on to note:
“ ‘... that while 60(b)(5) authorized relief from a judgment on the grounds that a prior judgment upon which it is based has been reversed or otherwise vacated, it does not authorize relief from a judgment on the ground that the law applied by the court in making its adjudication has been subsequently overruled or declared erroneous in another and unrelated proceeding.... (citations omitted) ... there is ample support in the federal courts ... that when a decisional law change occurs, subsequent to final judgment in a particular case ... final judgment should not be altered.” 591 P.2d at 200.
State ex rel. Rhodes v. Dist. Ct. (1979), 183 Mont. 394, 396, 600 P.2d 182, 183 (emphasis added).
At first blush the meaning of the term “prior judgment” in Rule 60(b)(5) could lead one to conclude that if any case relied upon later was reversed or otherwise vacated, the rule would permit relief from judgment. According to the above quotes from Fiscus II and Rhodes, this is not what is meant by “prior judgment.” “The ‘prior judgment’ clause is limited to cases in which the present judgment is based on the prior judgment in the sense of res judicata or collateral estoppel; it does not apply when... the prior judgment has been relied on merely as precedent.” 3 J. Moore, Moore’s Manual of Federal Practice and Procedure, Section 26.08, pp. 26-34, footnote 10 (1989).
Reliance on a judgment in an unrelated case ... does not make the original judgment vulnerable within the “prior judgment” clause of subsection 5. Lubben v. Selective Service System Local Board No. 27, supra, 453 F.2d at 650; see 11 C. Wright & A. Miller, supra § 2863, at 204 (“[t]his ground [subsection (5)] is limited to cases in which the present judgment is based on the prior judgment in the sense of res judicata or collateral estoppel. It does not apply merely because a case relied on as precedent... has since been reversed”); *267 cf. Ackermann v. United States, supra, 340 U.S. at 197-99, 71 S.Ct. 209; Chicot County Drainage District v. Baxter State Bank, supra, 308 U.S. at 374-78, 60 S.Ct. 317.
Marshall v. Board of Ed., Bergenfield, N.J (3rd Cir. 1978), 575 F.2d 417, 424.
SineeEccleston and Crowell are unrelated to the case at bar, Koch’s claim under Rule 60(b)(5), M.R.Civ.P., which relies on the change of law in those cases, fails.
We also mention that Koch cannot prevail by arguing a change in the law under the last phrase of subsection (5) which states that “it is no longer equitable that the judgment should have prospective application.” In Libby Rod & Gun Club v. Moraski (D. Mont. 1981), 519 F.Supp. 643, 647, merely arguing that the law had changed did not result in relief from judgment under the last phrase of subsection (5), nor can it here.
APPLICABILITY OF RULE 60(b)(6)
Koch also claims that relief from judgment is possible under subsection (6) of Rule 60(b). Subsection (6), sometimes called the “other reason clause,” is a residual clause in which the court can use its equitable power to achieve justice under an appropriate set of circumstances.
[T]he language of the “other reason” clause, for all reasons except the five particularly specified, vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.
Klapprott v. United States (1949), 335 U.S. 601, 614-615, 69 S.Ct. 384, 390, 93 L.Ed 266, 277.
In Overbee v. Van Waters & Rogers (6th Cir. 1985), 765 F.2d 578, the Ohio Supreme Court essentially changed the effective date of a statutory change by the legislature regarding contributory and comparative negligence. The change took place close in time to the Overbee proceedings (judgment, first appeal and remand), which affected substantially the plaintiff’s claims. The court granted relief under Rule 60(b)(6), F.R.Civ.P, on the grounds that the circumstances constituted extraordinary circumstances and because without it substantial justice would not be served. [1] Overbee, 765 F.2d at 580. The *268 Overbee court held “that the mere showing of a change in the law is not enough to demonstrate such an extraordinary situation when the judgment has become final .... However, we are of the opinion that the unique facts of this case compel the granting of the motion ....” Overbee, 765 F.2d at 580.
Similarly, extraordinary circumstances were identified in Adams v. Merrill Lynch Pierce Fenner & Smith (10th Cir. 1989), 888 F.2d 696. In Adams, after a dispute over an arbitration issue the district court granted Lynch’s motion under Rule 60(b)(6). Adams, 888 F.2d at 702. The court said that “a change in relevant case law by the United States Supreme Court warrants relief under Rule 60(b)(6).” (Citing cases.) Adams, 888 F.2d at 702.
In Klapprott, a naturalization case, circumstances were such so as to justify granting a Rule 60(b)(6) motion since there would be a furtherance of justice. Klapprott v. United States (1949), 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed 266.
These cases are germane to the case at bar because they are examples of “extraordinary circumstances” warranting relief from judgment via subsection (6) of Rule 60(b), M.R.Civ.R In addition to the relevancy of these cases, we also acknowledge and consider the insurance reference in Justice John C. Sheehy’s dissent in Eccleston which could be mistakenly interpreted. The mention of insurance in the dissent and no mention of it in the majority opinion could be misleading, inasmuch as such reference could be interpreted that insurance was a consideration in the case. It was not.
Therefore, with guidance from Overbee, Adams, and Klapprott, and after careful consideration of the facts and circumstances present in the case at bar, we hold that relief from judgment under subsection (6) of Rule 60(b) is warranted. In arriving at this conclusion, we point out the discretion of the court in granting relief under Rule 60(b) as evidenced by the use of the word may; the court may relieve a party from a final judgment, order or proceeding. Savarese v. Edrick Transfer & Storage, Inc. (9th Cir. 1975), 513 F.2d 140, 146. From the *269 aforementioned cases, we conclude that due to facts and circumstances, and in the furtherance of justice, Koch’s motion was proper under Rule 60(b)(6) and the District Court erred in not granting it. We again carefully emphasize the limited nature of this decision and it does not establish a general rule for reopening a final judgment merely because there has been a subsequent change in the law upon which that judgment was based. Only when extraordinary circumstances are found to exist, as in the present case, may Rule 60(b)(6), M.R.Civ.P., be used to modify a final judgment.
TIMELINESS OF MOTION UNDER RULE 60(b)
Another important requirement of Rule 60(b), M.R.Civ.P., is that the motion must be timely made. Rule 60(b) indicates that a motion based on subsections (1), (2) or (3) must be made within a structured time frame. However, the Rule makes no specific provision for the timely filing of a motion under the remaining subsections. Instead, a motion -under the remaining subsections (4), (5) and (6) must be made “within a reasonable time.” A reasonable time can only be determined when considering the facts of each case. United States v. Holtzman (9th Cir. 1985), 762 F.2d 720, 725. We previously said that:
Any time limitations that may be involved in this case require that a balance be struck between the public interest in putting an end to litigation at some point and the public interest in keeping its judicial system free from corruption. For this reason the timeliness of the motion to vacate must ultimately depend upon equitable principles and placed within the sound discretion of the court.
Selway v. Burns, Estate of Burles (1967), 150 Mont. 1, 10, 429 P.2d 640, 645.
The School District argues that since Koch filed his Rule 60(b) motion over a year after summary judgment was granted, it was not filed within a reasonable time. Respondent’s argument is unpersuasive. Koch filed his Rule 60(b) motion on March 15, 1991, forty-eight days after our Crowell opinion, which changed the law in the immunity area particularly when liability insurance was involved. Under the circumstances, and in light of our discretion, we do not find the timing of Koch’s motion to be unreasonable. Accordingly, Koch’s motion was not only proper but also timely.
*270 STATUTORY CHANGES IN THE AREA OF GOVERNMENTAL IMMUNITY
Absent from either the School District’s or Koch’s appellate briefs, but dispositive in this case, is the amended version of § 2-9-111, MCA. The amended statute essentially makes the parties’ immunity arguments moot. The legislature amended the statute soon after our opinions of Crowell and Hedges, which, in essence, responded to our interpretation of § 2-9-111, MCA, as it existed at that time. The 1991 changes in the statute clarified legislative intent and our interpretation changed accordingly as explained in Dagel v. City of Great Falls (Mont. 1991), 819 P.2d 186, 48 St.Rep. 919,. The legislature deemed the statute retroactive to all cases not final by May 24, 1991. Dagel, 819 P.2d at 191, 48 St.Rep. at 922.
In the case at bar, the summary judgment granted in favor of the School District became final when Koch did not appeal within thirty days from the judgment. This was prior to the retroactive effective date of the amended statute which was May 24, 1991. However, according to our previous discussion of Rule 60(b)(6) herein, we have reopened the judgment which makes the status not final. Accordingly, the current, newly amended statute is now applicable, as interpreted in Dagel.
Dagel is particularly germane since it deals with the amended statute which is the primary focus of the case at bar. We recite the purpose of the amended statute in Dagel as:
AN ACT CLARIFYING THAT STATUTORY LEGISLATIVE IMMUNITY EXTENDS ONLY TO LEGISLATIVE BODIES OF GOVERNMENTAL ENTITIES AND ONLY TO LEGISLATIVE ACTIONS TAKEN BY THOSE BODIES; CLARIFYING THAT GOVERNMENTAL ENTITIES ARE NOT IMMUNE UNDER THE LEGISLATIVE IMMUNITY STATUTE FOR NONLEGISLA-TIVE ACTIONS; CLARIFYING THAT THE ACQUISITION OF INSURANCE DOES NOT WAIVE IMMUNITY; AMENDING SECTION 2-9-111, MCA; AND PROVIDING AN IMMEDIATE EFFECTIVE DATE AND A RETROACTIVE APPLICABILITY DATE.
Dagel, 819 P.2d at 191, 48 St.Rep. at 921.
Section 2-9-111, MCA(1991), significantly changed the statute and therefore modified the theories expressed in the various immunity cases as well as in Crowell with regard to insurance. First, under the new statute, a legislative body is not immune from the *271 negligent acts of its employees. § 2-9-lll(l)(c), MCA (1991). Second, the purchase of insurance does not waive immunity. § 2-9-111(4), MCA (1991).
Dagel, 819 P.2d at 191, 48 St.Rep. at 922.
According to Dagel the School District (the legislative body) is not immune for the negligent acts of its employees. Whether the teacher’s acts amount to negligence in the case at bar is a question of fact which must be determined in a trial on the merits upon remand. Clearly, the teacher’s acts of instructing Koch to squat-press 360 pounds of weight are not legislative acts and are not immune under the meaning of the current version of § 2-9-111, MCA.
Both parties also make much out of the purchase of liability insurance because of our holding in Crowell where we said that the purchase of liability insurance should waive immunity to the extent of the insurance coverage. The new statute deals directly with the Crowell situation and states that “the acquisition of insurance coverage, including self-insurance or group self-insurance, by a governmental entity does not waive the immunity provided by this section.” Section 2-9-111(4) MCA (1991). This provision effectively overrules the Crowell line of cases regarding liability insurance, although the Crowell decision does give an excellent chronological history of governmental immunity that should not go unnoticed.
FAILURE TO APPEAL
The School District argues that Koch voluntarily chose not to appeal and now, a year after final judgment, should not be granted another bite at the apple. Generally, failure to appeal for almost any reason is fatal to a motion to reopen judgment under Rule 60(b). If allowed, it would in essence make a Rule 60(b) motion a substitute for appeal, which is an improper use of the motion. Donovan v. Graff (1991), 248 Mont. 21, 808 P.2d 491. In criticizing a party’s failure to appeal the United States Supreme Court said:
Petitioner made a considered choice not to appeal, apparently because he did not feel that an appeal would prove to be worth what he thought was a required sacrifice of his home. His choice was a risk, but calculated and deliberate and such as follows a free choice. Petitioner cannot be relieved of such a choice because hindsight seems to indicate to him that his decision not to appeal was probably wrong, considering the outcome of the Keilbar case. *272 There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from.
Ackermann v. United States (1950), 340 U.S. 193, 198, 71 S.Ct. 209, 211-212, 95 L.Ed 208, 210-211.
Even so, failure to appeal may not be fatal. The United States Supreme Court acknowledged the importance of Ackermann but also said:
Despite the relevant and persuasive force of Ackermann, however, we need not go so far here as to decide that when an appeal has been abandoned or not taken because of a clearly applicable adverse rule of law, relief under Rule 60 (b) is inflexibly to be withheld when there has later been a clear and authoritative change in governing law ....
Polites v. United States (1960), 364 U.S. 426, 433, 81 S.Ct. 202, 206, 5 L.Ed.2d 173, 177. The Ninth Circuit Court recently held, after considering individual case facts and after meeting the standards for relief under Rule 60(b)(6), that a failure to appeal did not bar relief under the rule. United States v. Wyle (9th Cir. 1989), 889 F.2d 242. We also note that Rule 60(b) (6) is not inflexible.
[I]t ordinarily is not permissible to use this motion to remedy a failure to take an appeal. However this is not an inflexible rule and in unusual cases a party who has not taken an appeal may obtain relief on motion ... [Courts] have acted on the premise that cases of extreme hardship or injustice may be brought within a more liberal dispensation than a literal reading of the rule would allow
Wright and Miller, Federal Practice and Procedure, Vol. 11, § 2864, pp. 214-215, 219-220. Accordingly, we find that Koch’s failure to appeal is not fatal, and because of the non-final status of his case, due to our granting of his Rule 60(b)(6) motion, the current amended version of § 2-9-111, MCA, and law in Dagel is controlling.
CONCLUSION
Because of the amended immunity statute and our foregoing analysis reversal is proper.
Therefore, we remand to the District Court for a trial on the merits with instructions to take specific notice of the amended version of the immunity statute, § 2-9-111, MCA, and the Dagel case.
*273 CHIEF JUSTICE TURNAGE, JUSTICES HUNT, McDONOUGH and TRIEWEILER concur.

 In Overbee, on June 20, 1980, the Ohio legislature changed relevant statutory provisions from contributory negligence to comparative negligence. After some *268 confusion over whether the change applied to actions that accrued after June 20, 1980, orto actions that were actually tried after that date, the Ohio Supreme Court decided that the change only applied to causes of action accruing after June 20, 1980. Since the plaintiffs claim accrued prior to June 20,1980, even though trial was held in 1981, the change was unhelpful to the plaintiffs action. Subsequently, the Ohio Supreme Court reversed itself and held that the change from contributory to comparative negligence was applicable to any actions that came to trial after June 20,1980. These facts constituted “extraordinary circumstances.”