NO.   95-463

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

IN RE MARRIAGE OF

DAVID M. HELLER,

        Joint-Petitioner and Appellant,

    and

THERESA A. HELLER,

        Joint-Petitioner and Respondent.

FILED

MAY 14 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Twenty-First Judicial
                District,  In and for the County of Ravalli,
                The Honorable Jeffrey H. Langton, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

            Gary W. Wolfe and Michael Sol, Sol and Wolfe
            Law Firm, Missoula, Montana

        For Respondent:

            Patricia A. Sanders, Sanders and Heller,
            Hamilton, Montana


                            Submitted on Briefs:   April 18, 1996

                                       Decided:   May 14, 1996

Filed:

                        _____
                                    Clerk

Justice Charles E. Erdmann delivered the opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

This is an appeal from a decision of the Twenty-First Judicial District Court, Ravalli County, setting aside its decree of dissolution insofar as it applies to allocation of property, maintenance, debts, attorney fees and costs. We affirm.

The dispositive issue on appeal is whether the District Court erred in setting aside its decree of dissolution based upon Rule 60(b)(6), M.R.Civ.P.

FACTS

David and Theresa met in' California and lived together for approximately nineteen years. During the last ten of those years, the couple lived in Montana in the state of common law marriage. David was retired from a restaurant business which he had owned in California and where Theresa had been employed. He kept the franchise to the restaurant but sold the underlying property in addition to the condo where he and Theresa had lived. With those funds he purchased property in Montana where they built a home.

Theresa was 45 years old at the time the District Court issued its order. She suffers from ataxia which is a progressively

2

debilitating hereditary condition with no known cure. She was diagnosed with this condition shortly before she and David moved to Montana. Theresa is now confined to a wheelchair and unable to move about or care for herself. She has been unable to read or write for about two years. She receives Social Security disability benefits of $470 per month in addition to Medicaid coverage.

In March 1994, David presented to Theresa a joint petition for dissolution upon which she made her mark. The petition awarded David all of the real and personal property and awarded Theresa her personal clothing and Social Security disability benefits. The District Court held a hearing on April 6, 1994, where David testified that the agreed-upon division was equitable. At the hearing, David's attorney assured the court that Theresa was satisfied with the distribution and also claimed that members of her family had been coming in and taking items of personal property. The District Court granted the petition and entered a decree. Theresa claims she was not fully informed of the contents of the joint petition until two months after the dissolution was granted.

Theresa also claims that while she was aware of the dissolution, she relied upon David's assurances that he would take care of her for the rest of her life. Theresa remained with David until July 15, 1994, when due to David's alleged neglect, she was removed from their home by the Department of Family Services and placed in an adult foster care facility.

3

Theresa filed a motion on February 7, 1995, to set aside the District Court's April 11, 1994, decree based upon Rule 60(b)(3), M.R.Civ.P., or in the alternative, Rule 60(b)(6), M.R.Civ.P. The District Court held a final hearing in the matter on July 13, 1995, and granted Theresa's motion on August 1 based upon Rule 60(b)(6), M.R.Civ.P. From the court's setting aside of its decree of dissolution, David appeals.

## DISCUSSION

Did the District Court err in setting aside its decree of dissolution based upon Rule 60(b)(6), M.R.Civ.P.?

Theresa moved the court to set aside its final judgment on the joint petition on the grounds set forth in Rule 60(b)(3), M.R.Civ.P. (fraud), and in the alternative Rule 60(b)(6), M.R.Civ.P. (other reasons justifying relief from operation of judgment). Rule 60(b), M.R.Civ.P., requires that a motion to set aside a judgment for fraud, misrepresentation, or other misconduct of an adverse party must be made within sixty days of notice of judgment entry. A motion to set aside a judgment for any other reason justifying relief must be made within a reasonable time. Rule 60(b), M.R.Civ.P.

David opposed the Rule 60(b)(3), M.R.Civ.P., motion arguing that sixty days had passed since the judgment was entered and therefore the setting aside of a judgment based upon fraud is precluded. David further argued that the filing of Theresa's motion pursuant to Rule 60(b)(6), M.R.Civ.P., ten months after the

4

final judgment was entered into was unreasonable and therefore precluded as well. Theresa dismissed her Rule 60(b)(3), M.R.Civ.P., motion in fraud but continued to claim that her situation fell under the extraordinary circumstances standard in Rule 60(b)(6), M.R.Civ.P.

Pursuant to Theresa's motion based upon extraordinary circumstances, the District Court found that:

> Husband failed to fully inform the Court of the severity of Wife's medical condition and her physical inability to read and write. Furthermore, Wife has offered credible testimony that Husband misrepresented the contents of the joint petition to her and compounded the misrepresentation by leading her to believe he would continue to care and provide for her for the rest of her life. Husband's denials of this testimony are not credible. It further appears that Wife's signature was not properly acknowledged in the presence of a notary public.

Based upon those findings, the court concluded that:

> Mrs. Heller's claim presents the extraordinary circumstances of Montana Rules of Civil Procedure 60(b)(6) as found in _Marriage of Tesch_, 199 Mont. 240, 648 P.2d 293, (1982).
>
> The Decree of Dissolution entered by this Court April 6, 1994, is inequitable and should be set aside insofar as it applies to allocating marital property, maintenance, debts, and attorney's fees and costs.

We will review a district court's grant or denial of a motion to set aside a final judgment for abuse of discretion. In re Marriage of Castor (1991), 249 Mont. 495, 500, 817 P.2d 665, 668. We will review a district court's interpretation of law underlying the setting aside of a final judgment for its correctness. In re Marriage of Miller (1995), 273 Mont. 286, 291, 902 P.2d 1019, 1021.

5

David avers that the court erred in setting aside the judgment based upon extraordinary circumstances when Theresa's allegations were essentially of fraud and misrepresentation (Rule 60(b)(3), M.R.Civ.P.). A party cannot qualify for relief under Rule 60(b)(6), M.R.Civ.P., and under another subsection of that Rule. Koch v. Billings School Dist. No. 2 (1992), 253 Mont. 261, 269, 833 P.2d 181, 183. Nonetheless, the fact that a party requests relief under subsection (3) and also under subsection (6) does not prevent a district court or this Court from determining which subsection was proper. Maulding v. Hardman (1993), 257 Mont. 18, 25, 847 P.2d 292, 297.

In this case, the District Court did not find fraud but found instead that David acted improperly in leaving Theresa with no means of support and that the circumstances were extraordinary given her severe disability. David also claims his actions were not fraudulent. We agree with the court's reasoning and with David's claim that relief pursuant to Rule 60(b)(3), M.R.Civ.P., was not available. Accordingly, we must now consider whether extraordinary circumstances exist warranting relief under Rule 60(b)(6), M.R.Civ.P.

In In re Marriage of Tesch (1982), 199 Mont. 240, 648 P.2d 293, extraordinary circumstances demanding the setting aside of a final judgment under Rule 60(b)(6) were apparent where a wife suffering from multiple sclerosis was not present or represented at a divorce hearing and the husband was awarded the wife's interest

6

in marital property.  The court also determined that there was no evidence in the record to support the assertion that she voluntarily relinquished her interests in the farm.  Tesch, 648 P.2d at 296.  In comparison, Theresa suffers from ataxia, a physically debilitating disease affecting her to such an extent that she could not read or write at the time the dissolution agreement was entered into.  Nor was she represented at the hearing where the divorce decree was granted.  In addition, the District Court found her testimony credible that she was not aware she had relinquished her share of the marital estate.

While in Tesch, the Court noted that the record did not address the question of the wife's competency, the Court stated that the wife's "disability, in itself, might warrant the setting aside of the default judgment."  Tesch, 648 P.2d at 296.  In the present case, the District Court found that Theresa's disability as well as the parties' past and present relationship manifested extraordinary circumstances which warrant the setting aside of the final judgment.  In our consideration of the facts and circumstances of this case, extraordinary circumstances are apparent.

Having determined that the facts of this case fall within the purview of Rule 60(b) (6), M.R.Civ.P., we now must determine whether the motion was filed within a reasonable time.  The dissolution was granted on April 6, 1994. Theresa testified that she was not aware she was no longer married until sometime in June.  On July 15,

7

1994, the Department of Family Services removed her to a foster care home for adults. She met with an attorney about one week later and the dissolution documents were read to her for the first time. The attorney then took time to familiarize herself with the documents and facts of the case and filed the motion to set aside final judgment on February 7, 1995.

The determination of a reasonable **time** pursuant to Rule 60(b), is an equitable principle based upon the court's discretion. Koch, 833 P.2d at 186. Questions of timeliness under the rule are thus left to the sound discretion of the court and the court's judgment will be overturned only upon a showing of abuse of discretion. In re Marriage of Waters (1986), 223 Mont. 183, 189, 724 P.2d 726, 730. We determine that, in view of the circumstances, the court did not abuse its discretion in considering the **time** within which Theresa filed her motion for relief pursuant to Rule 60(b)(6), M.R.Civ.P., was reasonable.

We therefore conclude that the District Court correctly interpreted the law and did not abuse its discretion in granting Theresa's motion. Accordingly, we conclude that the District Court did not err in setting aside its decree of dissolution based upon Rule 60(b)(6), M.R.Civ.P., insofar as it applies to allocation of property, maintenance, debts, attorney fees, and costs.

Affirmed.

_____
Justice

We concur:

_____
Karla M. Gray

_____
William E. Hunt

_____

_____
W. William Leaphart
Justices

May 14, 1996

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

GARY WOLFE
Sol and Wolfe Law Firm
101 East Broadway, #300
Missoula, MT 59802

PATRICIA A. SANDERS
Sanders and Heller
P.O. Box 1524
Hamilton, MT 59840

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _A. Gallagher_
Deputy