RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 07a0029p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

FRANK L. STOKES,

*Petitioner-Appellant,*

*v.*

No. 05-3020

JESSIE WILLIAMS, Warden,

*Respondent-Appellee.*

>

---

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 99-00372—Edmund A. Sargus, Jr., District Judge.

Argued: July 20, 2006

Decided and Filed: January 19, 2007

Before: KENNEDY and DAUGHTREY, Circuit Judges; ADAMS, District Judge.[*]

---

## COUNSEL

**ARGUED:** Kenneth R. Spiert, PUBLIC DEFENDER'S OFFICE, OHIO PUBLIC DEFENDER COMMISSION, Columbus, Ohio, for Appellant. M. Scott Criss, OFFICE OF THE ATTORNEY GENERAL, Columbus, Ohio, for Appellee. **ON BRIEF:** Jill E. Stone, PUBLIC DEFENDER'S OFFICE, OHIO PUBLIC DEFENDER COMMISSION, Columbus, Ohio, for Appellant. M. Scott Criss, OFFICE OF THE ATTORNEY GENERAL, Columbus, Ohio, for Appellee.

---

## OPINION

---

PER CURIAM. The petitioner, Frank L. Stokes, is an Ohio prisoner serving a life sentence following his state court conviction for rape. Shortly after we issued our decision in *Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003) (en banc), he filed a motion in the district court pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, seeking to overturn the earlier dismissal of his habeas corpus petition. Relying on our ruling in *Abela* that the time to file a petition under 28 U.S.C. § 2254 is tolled until the conclusion of the 90-day period for seeking Supreme Court review of a state court denial of post-conviction relief, Stokes asserted that his earlier habeas corpus petition – filed pre-*Abela* – was improperly dismissed as untimely by the district court. The district court denied the petitioner's motion, finding that he had failed to establish the "extraordinary

---

[*]The Honorable John R. Adams, United States District Judge for the Northern District of Ohio, sitting by designation.

circumstances" necessary to support relief under Rule 60(b)(6). For the reasons set out below, we find no abuse of discretion and affirm.

### *FACTUAL AND PROCEDURAL BACKGROUND*

Following his conviction in May 1990, petitioner Stokes unsuccessfully pursued his direct appeals through the state court system; the state litigation culminated in an order from the Ohio Supreme Court in July 1991 that dismissed his petition for further direct review. Stokes undertook no additional efforts to gain his freedom prior to April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (1996) (AEDPA). In that legislation, Congress established a one-year period from "the date on which the judgment became final by the conclusion of direct review" in state court for an individual to file a timely habeas corpus petition in federal court. 28 U.S.C. § 2244(d)(1)(A). This court determined, however, that a habeas petitioner whose conviction became final prior to the effective date of AEDPA would be granted a one-year grace period from that April 24, 1996, date to file any necessary habeas petition. *See*, *e.g.*, *Griffin v. Rogers*, 399 F.3d 626, 632 (6th Cir. 2005). Thus, individuals like Stokes were permitted to file timely petitions for issuance of the writ of habeas corpus at any time prior to April 24, 1997, or no later than April 23, 1997.

AEDPA further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [§ 2244(d)]." 28 U.S.C. § 2244(d)(2). Consequently, when, on September 20, 1996, Stokes filed a petition for post-conviction relief in Ohio state court, the one-year statute-of-limitations period was tolled after the expiration of 149 days from the April 24 start of that limitations period. The tolling continued while the trial court and the Ohio Court of Appeals examined Stokes's collateral claims and found them to be without merit. Finally, when the Ohio Supreme Court dismissed the petitioner's post-conviction appeal on July 15, 1998, the statute-of-limitations clock again began ticking away its last 216 days toward the February 17, 1999, end of the statutory grace period. Stokes, nevertheless, did not file his habeas corpus petition in federal district court until April 16, 1999, two months after the applicable deadline for doing so. Stokes explained his apparent lack of diligence by arguing that "his postconviction petition was 'pending,' within the meaning of § 2244(d)(2), and tolled the running of the statute of limitations, until October 13, 1998," when the 90-day time period expired for the petitioner to seek a writ of certiorari from the United States Supreme Court. The district court disagreed and dismissed that request for habeas relief as untimely.

Seven months later, we effectively ratified the district court's conclusion regarding Stokes's petition when, in another case, we held "that § 2244(d)(2) does not toll the limitations period to take into account the time in which a defendant could have potentially filed a petition for certiorari with the United States Supreme Court, following a state court's denial of post-conviction relief." *Isham v. Randle*, 226 F.3d 691, 695 (6th Cir. 2000). Three years after *Isham*, however, we reversed course and, in a 6-5 *en banc* decision, specifically held:

> [U]nder section 2244(d)(2), the statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case.

*Abela*, 348 F.3d at 172-73.

Only 24 days after the United States Supreme Court denied certiorari in *Abela*, *see Caruso v. Abela*, 541 U.S. 1070 (2004), Stokes filed with the district court a Rule 60(b)(6) motion seeking relief from the original judgment entered in his habeas corpus proceeding. In that motion, the

petitioner argued that, under the circuit rule announced in *Abela*, his habeas corpus petition would now be considered timely and that he should thus be accorded the opportunity to present his federal constitutional claims to a federal judge. The district court, however, quoting from this court's decision in *Blue Diamond Coal Co. v. Trustees of United Mine Workers of America Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001), explained that "[i]t is well established that a change in decisional law is usually not, by itself, an 'extraordinary circumstance' meriting Rule 60(b)(6) relief." The motion was thus denied, but the district court granted Stokes a certificate of appealability on the sole issue of whether the district court erred in denying the Rule 60(b) motion.

### DISCUSSION

In pertinent part, Federal Rule of Civil Procedure 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

A district judge's ruling on a request for relief pursuant to this provision of the federal rules is reviewed only for an abuse of discretion, *see Overbee v. Van Waters & Rogers*, 765 F.2d 578, 580 (6th Cir. 1985), and is "circumscribed by public policy favoring finality of judgments and termination of litigation." *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).

Even stricter standards are routinely applied to motions under subsection (6) of Rule 60(b) than to motions made under other provisions of the rule. Indeed, relief may be granted under Rule 60(b)(6) "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (citations omitted). "Courts . . . must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present." *Id.* (citations and internal quotation marks omitted). "The 'something more' . . . must include unusual and extreme situations where principles of equity *mandate* relief." *Id.* (emphasis in original).

As recognized by the district judge in this case, in evaluating claims for relief pursuant to Rule 60(b)(6), federal courts have consistently held "that a change in decisional law is usually not, by itself, an 'extraordinary circumstance' meriting Rule 60(b)(6) relief." *Blue Diamond Coal Co.*, 249 F.3d at 524. *See also Gonzalez v. Crosby*, 545 U.S. 524, _____, 125 S.Ct. 2641, 2650 (2005); *Agostini v. Felton*, 521 U.S. 203, 239 (1997); *Overbee*, 765 F.2d at 580. The respondent in this case in fact cites this line of decisions in opposing Stokes's claim for relief based upon the *en banc Abela* ruling. Especially prominent in his appellate argument is his reliance upon *Gonzalez*, a case in which the United States Supreme Court ruled that a change in the way the applicable habeas corpus statute-of-limitations period could be tolled did not resurrect a habeas petition that had been dismissed as untimely in accordance with earlier precedent. As stated by the Court, "The District

Court's interpretation was by all appearances correct under the Eleventh Circuit's then-prevailing interpretation of 28 U.S.C. § 2244(d)(2). It is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation." *Gonzalez*, 125 S.Ct. at 2650.

Stokes denies that *Gonzalez mandates* a denial of Rule 60(b)(6) relief in the petitioner's case and argues that the Supreme Court decision does not necessarily foreclose relief even when a Rule 60(b) motion is based solely upon a subsequent change in the law. Instead, Stokes maintains that relief was not granted to Gonzalez because of Gonzalez's "lack of diligence" in seeking review of the statute-of-limitations issue, not because the movant in that case was relying only upon a change in the applicable law.

The respondent counters that the petitioner's argument misreads the Supreme Court's analysis. First, he notes that the *Gonzalez* majority, after noting that Rule 60(b)(6) relief requires a showing of "extraordinary circumstances," expressly disagreed with Gonzalez's contention "that *Artuz*'s [*Artuz v. Bennett*, 531 U.S. 4 (2000)] change in the interpretation of the AEDPA statute of limitations meets this description." *Gonzales*, 125 S.Ct. at 2650. Then, to bolster its position even further, the Court explained simply that "[t]he change in the law worked by *Artuz* is all the less extraordinary . . . because of [Gonzalez's] lack of diligence in pursuing review of the statute-of-limitations issue," *id.* at 2651, not that the change in the law would have justified relief in the absence of such a lack of diligence.

Whether the Supreme Court would have found *only* the change in the law to have been sufficient to justify Rule 60(b)(6) relief in *Gonzalez* is not determinative of the issue before this court in this case. As noted previously, the Sixth Circuit's *Blue Diamond Coal Co.* opinion held only "that a change in decisional law is *usually* not, by itself, an 'extraordinary circumstance' meriting Rule 60(b)(6) relief." *Blue Diamond Coal Co.*, 249 F.3d at 524 (emphasis added). The decision did not, however, foreclose the possibility that *only* a change in decisional law might, in some circumstances, merit such relief. Indeed, in *Blue Diamond Coal Co.*, the court recognized "that the decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Id.* at 529 (quoting *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)).

In *Overbee*, for example, we explained that "[n]umerous courts have held that the mere showing of a change in the law is not enough to demonstrate . . . an extraordinary situation *when the judgment has become final*", but concluded that the unique facts of that case actually compelled the grant of Rule 60(b)(6) relief. 765 F.2d at 580 (emphasis added). Crucial to the court's determination in *Overbee* were the facts that, "at the time the plaintiffs filed the motion, the judgment was not final" and that the Ohio Supreme Court had reversed itself within only one year of settling a question of state law. *See id.*

Stokes argues here that similarly persuasive circumstances should have compelled the district court to grant relief from the prior judgment dismissing his habeas corpus petition. However, unlike the situation in *Overbee*, the original decision in the petitioner's case had already become final by the time the Rule 60(b) motion was filed. Given this distinction, we cannot say that the district court abused its discretion in failing to reach the same result as that in *Overbee*, as a matter of equity, or in choosing to give greater weight in this case to "the competing polic[y] of the finality of judgments." *Blue Diamond Coal Co.*, 249 F.3d at 529.

## CONCLUSION

For the reasons set out above, we AFFIRM the judgment of the district court.