NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0593n.06

Case No. 25-1506

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Dec 19, 2025

KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| AMERICAN TELECOM COMPANY, L.L.C., | ) | |
| Plaintiff-Appellant, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| AMERICAN TELECOM GROUP-USA L.L.C., | ) ) | |
| Plaintiff, | ) ) | OPINION |
| v. | ) ) | |
| REPUBLIC OF LEBANON, | ) ) | |
| Defendant-Appellee. | ) | |

Before: SILER, KETHLEDGE, and MATHIS, Circuit Judges.

**SILER, Circuit Judge.** In 2004, American Telecom Company, L.L.C. and American Telecom Group–USA, L.L.C. (together, "American Telecom") sued the Republic of Lebanon alleging breach of contract, promissory estoppel, and fraud arising from Lebanon's cellular-network tender process. The district court dismissed the action after holding that Lebanon was immune under the Foreign Sovereign Immunities Act ("FSIA") because no statutory exception applied. We affirmed.

Nearly two decades later, American Telecom moved under Federal Rule of Civil Procedure 60(b) to reinstate the case based on what it characterized as newly discovered evidence of fraud, including unsworn letters purportedly originating in Lebanese government offices. The district court denied the motion as untimely and meritless. American Telecom then sought reconsideration

and moved to recuse the district court judge, pointing to a footnote in the court's order that dismissed Plaintiffs' allegations of misconduct as "not well-taken." The district court denied both motions.

American Telecom now appeals. Because the Rule 60(b) motion was filed long after the one-year deadline and, in any event, fails on the merits, and because nothing in the record would cause a reasonable observer to question the district judge's impartiality, we affirm.

## I.

The underlying dispute is familiar to this court from our prior decision. Lebanon initially launched an "Auction Tender" for contracts to manage its cellular telephone networks. *Am. Telecom Co., L.L.C. v. Republic of Lebanon (Am. Telecom II)*, 501 F.3d 534, 536 (6th Cir. 2007). American Telecom paid $25,000 to participate, but Lebanese officials disqualified its bid without explanation. *Id.* Lebanon abandoned that tender and initiated a "New Public Tender," requiring a new $5,000 entry fee. *Id.* To participate, bidders were required to comply with the Tender Information and Procedures ("TIP"), including submission of a tender bond and extensive technical and financial documents. *Id.* at 536–37. American Telecom alleges it spent over $500,000 compiling these materials. *Id.* at 536. American Telecom submitted its materials electronically, purportedly after receiving assurances from a Lebanese employee that email submission would be acceptable, but Lebanon disqualified the bid because the TIP required original hard-copy documentation. *Id.* at 537.

Thereafter, American Telecom filed suit in 2004, invoking subject-matter jurisdiction under 28 U.S.C. § 1330 as a suit against a foreign state. *Id.* Lebanon initially failed to appear, and the district court entered a default judgment, which Lebanon then moved to set aside based on sovereign immunity under 28 U.S.C. § 1604. *Am. Telecom Co., L.L.C. v. Republic of Lebanon*

*(Am. Telecom I)*, 408 F. Supp. 2d 409, 413 (E.D. Mich. 2005).  The district court held that the FSIA's commercial-activity exception did not apply because Lebanon's conduct produced no "direct effect" in the United States, and it therefore dismissed the case for lack of jurisdiction.  *Id.* at 413–15.  We affirmed.  *Am. Telecom II*, 501 F.3d at 541.

In 2024, American Telecom returned to the district court seeking Rule 60(b) relief, asserting "newly discovered" evidence in the form of unsworn letters purporting to show (1) that Lebanon never intended to consider American Telecom's bid, (2) that officials coerced the Consul General into executing a false affidavit regarding service of process, and (3) that Lebanese officials attempted to influence the presiding judge.

In March 2025, the district court denied the motion.  The court first held that the motion was untimely under Rule 60(c)(1), because it was filed more than a year after entry of the final judgment.  The court alternatively concluded that, even if timely, the motion failed on the merits because the new evidence did not alter the FSIA jurisdictional analysis that had underpinned the original dismissal, and the unsworn letters did not establish fraud by clear and convincing evidence or otherwise justify relief.  The court addressed American Telecom's suggestion that Lebanese officials had improperly influenced the judge in a footnote, stating that those allegations were "not well-taken."

In response, American Telecom moved for reconsideration and for recusal, arguing that the district court's footnote stating the allegations were "not well-taken" reflected judicial hostility. The district court rejected both motions.  This appeal followed.

## II.

## A.

We review the denial of a Rule 60(b) motion for abuse of discretion. *See Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007) (per curiam). Rule 60(c)(1) requires that motions under Rule 60(b)(2) or (3) be filed within one year of judgment, an absolute deadline that cannot be extended. *Id.*; FED. R. CIV. P. 60(c)(1). American Telecom's motion was filed nearly two decades after entry of judgment, far beyond the one-year limit. A court abuses its discretion if it grants an untimely Rule 60(b)(2) motion. *See In re Vista-Pro Auto., LLC*, 109 F.4th 438, 442 (6th Cir. 2024). Thus, the district court correctly denied the motion as untimely.

Even setting timeliness aside, Rule 60(b)(2) "newly discovered evidence" must be material and likely to change the result, and the movant must show due diligence. *Luna v. Bell*, 887 F.3d 290, 294 (6th Cir. 2018). In *American Telecom II*, we determined that the district court lacked subject-matter jurisdiction over these claims. The unsworn letters that American Telecom submitted nearly two decades later do not alter the FSIA jurisdictional analysis, because even if they are authentic, they have no bearing on whether Lebanon's conduct caused a direct effect in the United States. *See Am. Telecom II*, 501 F.3d at 541. Evidence that is merely cumulative of prior allegations of fraud does not justify Rule 60 relief. *See Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998).

Rule 60(b)(3) requires proof of fraud by clear and convincing evidence. *See Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). Unsworn hearsay assertions of unclear origin do not meet that burden. The district court therefore acted within its discretion in denying relief under Rule 60(b)(3).

**B.**

We review the denial of a motion to disqualify under 28 U.S.C. § 455(a) for abuse of discretion. *See Burley v. Gagacki*, 834 F.3d 606, 616 (6th Cir. 2016). Recusal is warranted only if a reasonable observer aware of all the facts would question the judge's impartiality. *Id.* Judicial rulings ordinarily do not constitute evidence of bias unless they reflect "deep-seated favoritism or antagonism" that makes fair judgment impossible. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

American Telecom first points to statements in the letters asserting that Lebanon believed the district judge was predisposed to rule in its favor. But the subjective belief of a litigant—or of foreign officials—is insufficient to require recusal. *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990). Unsworn, uncorroborated letters amount to "conclusory allegations" inadequate to compel disqualification. *See United States v. Sypher*, 684 F.3d 622, 628 (6th Cir. 2012).

Second, American Telecom argues that the district court "ignored" its allegations, but the district court expressly addressed them by stating they were "not well-taken." Judicial disagreement with a party's position does not demonstrate bias. *Williams v. Anderson*, 460 F.3d 789, 814 (6th Cir. 2006).

Third, American Telecom contends that the "not well-taken" footnote was a veiled threat, but properly understood, the phrase simply means not "well-grounded" or "justifiable," a legally commonplace response to unsupported allegations. *Well-Taken*, MERRIAM-WEBSTER, https://merriam-webster.com/dictionary/well-taken (last visited 11/07/2025). Even if the statement were construed as a reprimand or pejorative attack, judicial remarks expressing frustration or impatience do not require recusal absent deep-seated antagonism. *See Liteky*, 510 U.S. at 555–56. Even construed in a light most favorable to Plaintiff, the footnote here amounts

to an "ordinary admonishment[]" at best, which simply does not support a motion for recusal. *See id.* at 556; *see also United States v. Adams*, 722 F.3d 788, 838 (6th Cir. 2013) (affirming denial of recusal motion because the "judge's statements amount[ed] to criticism and disapproval of defendants . . . not deep-seated favoritism or antagonism"). The district court therefore did not abuse its discretion in denying the motion to recuse.

## III.

For the foregoing reasons, we AFFIRM.