*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 09a0393p.06

# UNITED STATES COURT OF APPEALS

### FOR THE SIXTH CIRCUIT

———————————

DAVID EDDLEMAN,

        *Petitioner-Appellee,*

      *v.*

KEN MCKEE,

        *Respondent-Appellant.*

No. 08-1093

———————————

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 04-70830—Arthur J. Tarnow, District Judge.

Argued: June 10, 2009

Decided and Filed: November 12, 2009

Before: BATCHELDER, Chief Judge; NORRIS and KETHLEDGE, Circuit Judges.

———————————

## COUNSEL

**ARGUED:** B. Eric Restuccia, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for Appellant. Andrew N. Wise, FEDERAL DEFENDER OFFICE, Detroit, Michigan, for Appellee. **ON BRIEF:** B. Eric Restuccia, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for Appellant. Andrew N. Wise, FEDERAL DEFENDER OFFICE, Detroit, Michigan, for Appellee. Benjamin C. Mizer, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for Amici Curiae.

———————————

## OPINION

———————————

KETHLEDGE, Circuit Judge. This case is before us for a second time. In its first iteration, we affirmed the district court's order that the State retry David Eddleman because his confession to second-degree murder had been unconstitutionally admitted into evidence during the first trial. The district court thereafter ordered Eddleman released from prison and barred his reprosecution, on the ground that the State took too long to conduct the

second trial.  The State appeals that order, arguing the district court was without jurisdiction to enter it.  We agree, and reverse.

I.

It appears undisputed that Eddleman shot an M1 carbine rifle into a Detroit residence on October 13, 1996, killing a 16 year-old girl.  After a jury trial, Eddleman was convicted in Michigan state court of second-degree murder and possession of a firearm during the commission of a felony.  The Michigan Court of Appeals affirmed his convictions, holding that Eddleman's confession of the crimes was improperly admitted into evidence at his trial, but that the error was harmless.  *See People v. Eddleman*, 2002 WL 433338 (Mich. App. 2002).  The Michigan Supreme Court denied leave to appeal.  *People v. Eddleman*, 467 Mich. 910 (2002).

Eddleman thereafter filed a petition for a writ of habeas corpus in federal district court pursuant to 28 U.S.C. § 2254.  The district court conditionally granted the writ, holding that "the state court's decision that the admission of Petitioner's coerced confession was harmless error was an unreasonable application of Supreme Court precedent."  The court ordered that, "[u]nless a date for a new trial is scheduled within ninety days, Petitioner Eddleman must be unconditionally released."  The district court later granted a stay of that order pending appeal, but ordered that Eddleman be retried within 45 days of our mandate in the case, assuming we affirmed its conditional grant of the writ.

We affirmed the conditional grant on December 14, 2006, and "remanded [the case] to the district court with instructions to order Eddleman's release unless the state grants Eddleman a new trial within a reasonable period."  *Eddleman v. McKee*, 471 F.3d 576, 588 (6th Cir. 2006).  Our mandate issued on January 5, 2007.

The following month, the State rearrested Eddleman on the underlying criminal information and transferred him from a prison in Lapeer, Michigan, to the Wayne County Jail.  During a hearing in Wayne County Circuit Court on February 28, 2007, the parties and the court agreed that Eddleman's convictions had been "vacated."  The state court set a bond hearing on the new charges for March 16 and a trial date for June 4.

At that point, proceedings in federal court began to interweave with those in state court. On March 1, Eddleman filed a motion in the district court for issuance of an unconditional writ barring retrial. He argued that the State had failed to comply with the district court's order to schedule a new trial within 45 days of our mandate. The State responded that it had, in fact, complied with the order by releasing Eddleman on the unconstitutional conviction and rearresting him on the underlying information. The State thus argued that the district court lacked jurisdiction to hear Eddleman's motion. The district court denied Eddleman's motion without prejudice, finding that the State's delay at that point "was not substantial" and did not justify outright release.

On March 2, the state court rearraigned Eddleman on a second-degree-murder charge. Eddleman thereafter filed various motions in preparation for trial; and the State, for its part, appeared but was unprepared for at least one hearing in state court. As a result of motion practice and other delays, the date for Eddleman's second trial was eventually adjourned to February 25, 2008.

On November 19, 2007, however, Eddleman renewed his motion in the district court for issuance of an unconditional writ barring his reprosecution, arguing that the State had failed to retry him within a reasonable time. In an order dated January 22, 2008, the district court agreed and "ordered [the State] to release Petitioner from custody immediately and expunge the second-degree murder and felony-firearm conviction from his record." The district court issued another order on February 5, which clarified that the January 22 order "also barred the State of Michigan from reprosecuting Petitioner." The court further ordered Eddleman released on $10,000 bond during the pendency of the State's appeal of its order.

The State promptly filed both this appeal and an emergency motion for a stay of the January 22 order. We granted the stay, stating that Eddleman's retrial "in the state court may proceed." We declined, however, to revoke Eddleman's appeal bond.

Eddleman thereafter decided not to try his case a second time. On March 31, 2008, he pleaded guilty in Wayne County Circuit Court to second-degree murder and possession of a firearm during a felony. During his plea colloquy, Eddleman admitted shooting into a house with an M1 carbine assault rifle, killing a 16-year old girl who was sitting in a parked car nearby. The court accepted his plea, and set a sentencing hearing for May 2.

The State then filed a motion in the district court to revoke Eddleman's appeal bond. The district court denied the motion, stating that Eddleman's guilty plea "d[id] not change the Court's analysis" in deciding to release him pending appeal. On May 2, the state court sentenced Eddleman to 16 to 30 years' incarceration on the second-degree murder charge and two years on the firearms charge, to be served consecutively. By order of the district court, however, Eddleman remained free on bond. We revoked his bond on June 24, pursuant to the State's motion; and on June 30, Eddleman turned himself in to begin serving his sentence. Whether he serves the remainder of it depends on the outcome of this appeal.

## II.

We review a district court's disposition of a habeas petition *de novo*. *Gentry v. Deuth*, 456 F.3d 687, 691 (6th Cir. 2006).

As an initial matter, Eddleman disputes the factual predicate of the State's appeal, namely that his unconstitutional conviction was vacated in Michigan state court. During the February 28, 2007 hearing in Wayne County Circuit Court, however, counsel for both Eddleman and the State represented to the court, and the court itself agreed, that Eddleman's unconstitutional conviction had been vacated. That Eddleman was later rearraigned and afforded a bond hearing in state court, confirms that his prior conviction had been set aside. It is true, as Eddleman points out, that "the record in the trial court is devoid of any written order to that effect[,]" Pet. Br. at 15; and the better practice certainly would have been for the state court to have entered a written order. The record makes clear, nonetheless, that Eddleman's conviction was vacated.

For that very reason, the State argues that the district court exceeded its jurisdiction when it ordered Eddleman released and barred his reprosecution. Eddleman filed his petition under 28 U.S.C. § 2254, which provides that federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody *pursuant to the judgment* of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). For federal habeas jurisdiction to exist under § 2254, therefore, a state prisoner must be held pursuant to a *judgment*—rather than, say, an indictment or criminal information. That limitation, among

other reasons, is why § 2254 petitions come to us after a state prisoner is convicted and not before.

More to the point here, the limitation also means that, once the unconstitutional judgment is gone, so too is federal jurisdiction under § 2254. And thus, in a typical case where a prisoner's conviction is vacated "because a state fails to retry [him] by the deadline set in a conditional writ, '*the state is not precluded from rearresting petitioner and retrying him under the same indictment.*'" *Satterlee v. Wolfenbarger*, 453 F.3d 362, 370 (6th Cir. 2006) (quoting *Fisher v. Rose*, 757 F.2d 789, 791 (6th Cir. 1985) (emphasis added)), *cert. denied*, 549 U.S. 1281 (2007). That a petitioner's first trial was unconstitutional in some respect, generally does not mean he can never be tried again. The power to "release" a prisoner under § 2254 normally is not a power to release him forever from the underlying charge. It is the power, instead, only to release him from custody pursuant to the unconstitutional judgment.

This case turns on these first principles. The district court conditionally granted the writ, and we affirmed in an opinion directing that Eddleman be retried in a reasonable time, or released. The State chose the latter course: The month after the issuance of our mandate, Eddleman's conviction was vacated in state court—thereby releasing him from custody pursuant to the unconstitutional judgment—and the State rearrested him on the underlying criminal information and began the process of his prosecution anew.

That is what *Satterlee* expressly permits. And at that point, per the plain terms of § 2254, the district court's jurisdiction over Eddleman's case came to an end. The responsibility of ensuring that he received not only a fair trial, but a timely one, then passed to the Wayne County Circuit Court in the first instance. In its order unconditionally granting the writ, however, the district court proceeded effectively to adjudicate a speedy-trial claim that had never been presented to, much less ruled upon by, the Michigan state courts. With due respect, the district court acted out of turn in doing so.

Eddleman argues that our reading of § 2254 would allow the State "to indefinitely detain" successful habeas petitioners "by simply scheduling a trial date and then cancelling it, leaving the defendant to rot in jail for years without judicial review." Pet. Br. at 19. That argument assumes, ultimately, either the incompetence or the bad faith of Michigan's state

judiciary. We reject that assumption: The premise of federal habeas review is that state-court judges (like federal ones) sometimes make constitutional mistakes—not that they are any less conscientious in discharging their oaths than federal judges are.

Eddleman's concerns are also refuted by experience. The rule that we apply today has been the law of this court for a generation. Indeed, in a sense, we have already decided this case—because *Fisher* is materially identical to it. There, as here, the district court had granted a conditional writ, ordering Fisher's release unless the State (in that case Tennessee) granted him a new trial within a prescribed period. 757 F.2d at 790. In response, the State "appointed counsel for Fisher, set bond, and set a trial date." *Id.* at 791. At that point, "Fisher was no longer in custody pursuant to the constitutionally defective judgment of conviction, but was being held pursuant to the indictment." *Id.* The district court proceeded, nonetheless, unconditionally to grant the writ and bar Fisher's reprosecution. We reversed, holding that, "[s]ince Fisher was no longer being held pursuant to the constitutionally defective conviction . . . the district court erred in ordering Fisher's release and barring retrial." *Id.*

That holding is plainly applicable here. And Eddleman presents no evidence that, in the 24 years since we rendered it, the rule has had the effects he says it would have.

### III.

No federal power authorized the district court to release Eddleman from pretrial detention on a legitimate state charge, or to bar his reprosecution. The district court's January 22 and February 5, 2008 orders are reversed, and the case remanded with instructions to dismiss the petition for lack of jurisdiction.