ALICE M. BATCHELDER, Chief Judge,
concurring in judgment only.
I concur in the judgment because I agree that it would be improper for the district court to bar the State of Ohio from retrying Robert Girts. But I disagree with the majority’s reasoning in certain *589 key respects.[1]
I do not agree that the district court had jurisdiction to decide Girts’s fate after the State had released him from custody pursuant to the writ and, beyond that, I am not convinced that a federal habeas court ever has the power to bar on untimeliness grounds a State from retrying a successful habeas petitioner, though I am aware that this court has held otherwise. As for the former, we explained in Eddleman v. McKee, 586 F.3d 409, 413 (6th Cir.2009), that after the habeas court has vacated a conviction and the State has released the petitioner, “at that point, per the plain terms of § 2254, the district court’s jurisdiction over [the petitioner]’s case [comes] to an end.” Stated another way, “once the unconstitutional judgment is gone, so too is federal jurisdiction under § 2254.” Id.; cf. Gentry v. Deuth, 456 F.3d 687, 692 (6th Cir.2006) (“[W]hen a state meets the terms of the habeas court’s condition, thereby avoiding the writ’s actual issuance, the habeas court does not retain any further jurisdiction over the matter.”); Fisher v. Rose, 757 F.2d 789, 791 (6th Cir.1985) (“Since Fisher was no longer being held pursuant to the constitutionally defective conviction, we conclude that the district court erred in ordering Fisher’s release and barring retrial.”).
The majority rejects this plain reading of Eddleman in favor of a view that a federal district court, acting under § 2254 habeas jurisdiction, can indeed go back and amend or clarify its prior judgment even after the State has released the petitioner, and supports this proposition with citation to and discussion of Satterlee v. Wolfenbarger, 453 F.3d 362 (6th Cir.2006). To the extent that Satterlee actually stands for this proposition — and I do not agree that it does — it lies in direct conflict with Pitchess v. Davis, 421 U.S. 482, 490, 95 S.Ct. 1748, 44 L.Ed.2d 317 (1975) (“Neither Rule 60(b), 28 U.S.C. § 2254, nor the two read together, permit a federal habeas court to maintain a continuing supervision over a retrial conducted pursuant to a conditional writ granted by the habeas court.”), and is therefore null ab initio. But the district court in Satterlee did not render a decision after the State had released Satterlee; the district court granted an unconditional writ, the State then released Satterlee, and the State appealed the district court’s grant of the writ. See Satterlee, 453 F.3d at 362. That the appeal continued after the petitioner’s release is as irrelevant here as it was there, and as it was in Eddleman. No one contends that we lack jurisdiction to review the decision on appeal. See Carafas v. LaVallee, 391 U.S. 234, 238, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968) (“[0]nce the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of [the appeal].”).
The district court granted Girts a conditional writ on April 14, 2008, and then granted him an unconditional writ on November 3, 2008. The State released Girts on November 5, 2008, so the district court had issued both of those orders while Girts was still in custody.[2] Moreover, both writs *590 offered the same remedy: release from custody. Neither writ stated or even suggested that the State could not retry Girts, which is to be expected as it is generally understood that “the state is not precluded from re-arresting [a] petitioner and retrying him under the same indictment.” Satterlee, 453 F.3d at 370; Fisher, 757 F.2d at 791 (“[Hjolding a conviction invalid and granting the writ do not generally bar retrial on the original charge.”). If Girts was unhappy with the remedy he should have appealed the April 14 order granting the conditional writ, see Gentry, 456 F.3d at 692 (noting that “[conditional grants of writs of habeas corpus are final orders”), or the November 3 order granting the unconditional writ, which would have followed the approach taken in Satterlee. But Girts did not appeal either of those orders. Girts appealed the November 5 order purporting to clarify the November 3 order; an order the district court issued after its jurisdiction had expired.
The simple conclusion is that the district court did not have jurisdiction to enter the November 5 order. In finding that the district court did have jurisdiction, the majority miscasts both Eddleman and Satterlee. I believe that Eddleman, 586 F.3d at 413, stands for the proposition that a district court’s habeas jurisdiction expires after it has granted the writ and vacated the conviction, and the State has released the petitioner, whereas Satterlee, 453 F.3d at 370, stands for the unremarkable proposition that a party can appeal the grant of an unconditional writ. Therefore, I disagree with the majority’s conclusion that the district court had jurisdiction to issue the November 5 order and I reject its bases for reaching that conclusion.
As for the proposition that a federal habeas court has the power to use untimeliness as a ground for barring a State from retrying a successful habeas petitioner, Satterlee certainly advances that proposition, stating: “[I]n extraordinary circumstances, such as when the state inexcusably, repeatedly, or otherwise abusively fails to act within the prescribed time period or if the state’s delay is likely to prejudice the petitioner’s ability to mount a defense at trial, a habeas court may forbid reprosecution.” Satterlee, 453 F.3d at 370 (quotation marks omitted) (quoting 2 Hertz & Liebman, Federal Habeas Corpus Practice and Procedure § 33.3 at 1685-86 (5th ed.2005)). Other circuits have accepted this proposition as well, though ours is the only one to do so since the enactment of AEDPA. See, e.g., Capps v. Sullivan, 13 F.3d 350, 352 (10th Cir.1993) (“In this circuit, barring a new trial is a permissible form of judgment.”); Foster v. Lockhart, 9 F.3d 722, 727 (8th Cir.1993) (holding that “[a] district court has authority to preclude a state from retrying a successful habeas petitioner”); Heiser v. Ryan, 951 F.2d 559, 564 (3d Cir.1991).
But this view, which grants the district courts ultimate authority over state courts and state prosecutors, appears inconsistent with the, admittedly sparse, statements the Supreme Court has offered on this issue historically. In 1890, the Court was plain and direct: “[I]t is neither our inclination nor our duty to decide what the [state] court may or what it may not do in regard to [retrial].” In re Medley, 134 U.S. 160, 173, 10 S.Ct. 384, 33 L.Ed. 835 (1890). More recently, in 1963, the Court elaborated on its view of the habeas power: “Habeas lies to enforce the right of personal liberty; when that right is denied *591 and a person confined, the federal court has the power to release him. Indeed, it has no other power; it cannot revise the state court judgment; it can act only on the body of the petitioner.” Fay v. Noia, 372 U.S. 391, 430-31, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) (dicta), overruled in part on other grounds by Wainwright v. Sykes, 433 U.S. 72, 87-88, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), and Coleman v. Thompson, 501 U.S. 722, 750-51, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). While the Court has generally expanded the reach of habeas over time (though Congress expressly restricted its reach with the enactment of AEDPA), it has yet to refute the above-quoted expressions of its opinion and it has never spoken directly on the question of whether a federal district court can use untimeliness or delay as a ground to bar a state from retrying a successful habeas petitioner.
Finally, the majority addresses Girts’s claims that a third trial would violate the double jeopardy clause, his right to a speedy trial, and due process, despite the State’s insistence that Girts has never before raised these claims. The majority chose to “entertain” these questions on the basis that it has “discretion to entertain novel questions” and cites Friendly Farms v. Reliance Insurance Co., 79 F.3d 541, 545 (6th Cir.1996). Ordinarily, however, we do not have discretion to entertain novel questions on habeas review. Ordinarily, “[t]he petitioner must first exhaust the remedies available in state court by fairly presenting his federal claims to the state courts; unexhausted claims will not be reviewed by a federal court.” Wilson v. Mitchell, 498 F.3d 491, 498 (6th Cir.2007).
Indeed, we suggested just such a problem in Eddleman, explaining: “In its order unconditionally granting the writ, however, the district court proceeded effectively to adjudicate a speedy-trial claim that had never been presented to, much less ruled upon by, the Michigan state courts. With due respect, the district court acted out of turn in doing so.” Eddleman, 586 F.3d at 413; see also Flenoy v. Russell, 902 F.2d 33 (table), 1990 WL 61114, *3 (6th Cir. May 8, 1990) (“Even if we construe [the] petitioner’s argument as a claim that his Sixth and Fourteenth Amendment rights were violated by the delay before his retrial, we still must reject it, without prejudice, because he has not yet exhausted his state remedies.”). By ruling on these habeas claims that have never been presented to the state court, the majority has also acted out of turn.
Therefore, while I agree with the majority that it would be improper for the district court to bar the State of Ohio from retrying Robert Girts, I cannot join its reasoning. I do not agree that the district court had jurisdiction to render a judgment binding on the State after Girts had been released pursuant to the writ. Moreover, I tend to think that the authority granted to the district courts allowing them to bar the states from retrying successful habeas petitioners is inconsistent with the Supreme Court’s view of the habeas power. And, finally, I cannot join the majority’s consideration of Girts’s new habeas claims that have not been presented to or exhausted in the state court.

. I also disagree with the majority’s characterization of the evidence against Girts as lacking and the prosecutor’s motives as nefarious. As I stated in my dissent from the prior opinion, in which the majority granted the writ, the evidence against Girts was overwhelming and the prosecutor’s statements were neither flagrant nor prejudicial. Girts v. Yanai, 501 F.3d 743, 761-62 (6th Cir.2007) (Batchelder, J., dissenting). But, though I did not then and do not now agree with the majority on these underlying facts, this disagreement is ultimately irrelevant to the present appeal.

. It was only after the State had released Girts from custody — on November 5, 2008— *590 that the district court issued the order under consideration in this appeal (also on November 5, 2008).