NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0092n.06

Case No. 14-2596

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 10, 2016
DEBORAH S. HUNT, Clerk

BILLY RAYFIELD,                          )
                                         )
    Plaintiff-Appellant,                 )
                                         )
                                         )   ON APPEAL FROM THE
v.                                       )   UNITED STATES DISTRICT
                                         )   COURT FOR THE EASTERN
                                         )   DISTRICT OF MICHIGAN
AMERICAN RELIABLE INSURANCE              )
COMPANY,                                 )
                                         )
    Defendant-Appellee.                  )

**O P I N I O N**

BEFORE:      BATCHELDER, McKEAGUE, and STRANCH, Circuit Judges.

**McKEAGUE, Circuit Judge.**  In this insurance dispute, Billy Rayfield was denied benefits for damages arising from an automobile accident. The district court granted the insurer's motion for judgment on the pleadings based on collateral estoppel arising from a separate lawsuit in state court. For the reasons below, we AFFIRM the district court.

**I**

*Factual Background.* Billy Rayfield sustained severe injuries when he was involved in an automobile accident on July 3, 2010, in Allen Park, Michigan. Rayfield suffered brain bleeding, a broken jaw, left shoulder dislocation, seven broken ribs, a broken left knee, broken left ankle, and two fractured vertebrae in his back.

After being released from the hospital, Rayfield called his auto insurance provider, American Reliable Insurance Company ("ARIC"), to obtain coverage for his medical bills. ARIC denied Rayfield coverage for his bills arising from the July 3, 2010 accident, claiming that they had not received a renewal payment and that Rayfield's policy had lapsed on March 27, 2010. The policy renewal packet allegedly provided Rayfield with instructions on how he could renew his automobile insurance policy, including the proper address to remit his renewal premium. In addition, Orlando Morales, Vice President of underwriting and policy services at American Collectors Insurance, Inc. ("ACI"),[1] testified that ACI sent Rayfield a letter to inform him that his ARIC policy had expired. Rayfield claimed that he never received the renewal packet or the letter.

Although ARIC did not have a record of Rayfield's payment, Rayfield testified that he sent a money order to ARIC in April 2010 to the address located on the back of his certificate of insurance, which was 11222 Quail Roost Drive, Miami, Florida. Rayfield does not dispute that this was not the address or entity to which he was instructed to remit payment. ARIC maintains that it never received payment of the premium to reinstate Rayfield's insurance policy prior to the July 3, 2010 accident.

**II**

*Procedural Background.* On June 27, 2011, Rayfield filed suit against ARIC in Wayne County Circuit Court for Michigan No-Fault benefits and breach of contract ("Wayne County Case I"). The case was assigned to the Honorable John A. Murphy. Rayfield and ARIC litigated Wayne County Case I through discovery, with ARIC moving for summary disposition in February of 2012 on the grounds that Rayfield could not establish a genuine issue of material

---

[1] ACI is an insurance agency that has "responsibilities with respect to [ARIC] insurance policies, including: (1) to accept notice of claims against the policies; (2) to cancel policies with appropriate legal notice; (3) to collect or cause to be collected, premium payments for the policies." R. 20-7, Morales Affidavit, PID 295–96.

fact as to whether he had renewed the auto-insurance policy. Judge Murphy denied ARIC's motion for summary disposition "for reasons stated on the record," although the transcript of those proceedings is not in our record. R. 5-5, PID 96. The parties never brought Wayne County Case I to trial, instead accepting a stipulated order of dismissal without prejudice to resolve a large, outstanding Medicare lien. That order tolled the statute of limitations and permitted Rayfield to refile his action on or before June 28, 2013.

Rayfield re-filed his action in state court on March 25, 2013. ("Wayne County Case II"). On June 19, 2013, ARIC removed Wayne County Case II on the basis of diversity jurisdiction. While this case was proceeding in federal court, Rayfield filed a third-party action against the at-fault driver for negligence and included a claim against ARIC for uninsured motorist coverage. ("Wayne County Case III"). Wayne County Case III was assigned to the Honorable Sheila A. Gibson. On June 30, 2014, while Wayne County Case II (now before the district court) was still pending, Judge Gibson issued an order granting ARIC's motion for summary disposition in Wayne County Case III. She found that:

> *There is no genuine issue of material fact that [Rayfield's] former insurance policy with [ARIC] was not in effect at the time of the July 3, 2010 accident due to non-payment of the renewal premium* and [Rayfield] has not come forward with any evidence to support his claim that [he] paid a premium to reinstate his policy prior to the accident date other than his own uncorroborated and self-serving testimony which is insufficient, as a matter of law, to create a genuine issue of material fact.
>
> . . .
>
> [B]ecause [Rayfield] did not have an insurance policy with [ARIC] in effect at the time of the July 3, 2010 accident, [ARIC] is entitled to summary disposition in its favor with respect to [Rayfield's] claim for payment under the uninsured motorist portion of [Rayfield's] former policy with ARIC.

R. 22-6, Wayne County Case III Order, PID 406 (emphasis added).

Ten days after Judge Gibson granted summary disposition in Wayne County Case III, ARIC moved to amend its answer in Wayne County Case II (before the district court) to add collateral estoppel and res judicata as affirmative defenses. At the same time, ARIC moved for judgment on the pleadings and for summary judgment. In November 2014, the district court granted the motion to amend, granted the motion for judgment on the pleadings based on ARIC's collateral estoppel defense, and denied the motion for summary judgment as moot. R. 33, Dist. Ct. Order, PID 771. Rayfield raises two issues on appeal: (1) whether the district court properly granted ARIC leave to amend to include res judicata and collateral estoppel as affirmative defenses, and (2) whether the district court erred in granting ARIC's motion for judgment on the pleadings.

## III

We review the district court's ruling on a motion for leave to amend for an abuse of discretion. *Pulte Homes, Inc. v. Laborers' Int'l Union of N. Am.*, 648 F.3d 295, 304 (6th Cir. 2011). "Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008) (quoting *Tahfs v. Proctor*, 316 F.3d 584, 593 (6th Cir. 2003)). "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a).

*Motion for Leave to Amend*. ARIC sought leave to amend to include the affirmative defenses of res judicata and collateral estoppel made available after Judge Gibson granted summary disposition in Wayne County Case III. Rayfield articulates no reason why the district court should have denied ARIC's motion to amend its pleadings beyond the bare assertion that "justice does not require the amendment of the affirmative defense of collateral estoppel because it is premature." Rayfield Br. at 12–13. But the fact that Rayfield appealed Judge Gibson's

order does not strip her ruling of its preclusive effect. *See City of Troy Bldg. Inspector v. Hershberger*, 27 Mich. App. 123, 127, 183 N.W.2d 430, 433 (1970) (stating that the "rule in Michigan is that a judgment pending on appeal is deemed res judicata"); *Roskam Baking Co. v. Lanham Mach. Co.*, 105 F. Supp. 2d 751, 755 (W.D. Mich. 2000) *aff'd*, 288 F.3d 895 (6th Cir. 2002) ("Michigan and federal courts hold that appeal of a judgment does not alter the judgment's preclusive effect."). ARIC's motion, filed only ten days after the decision in Wayne County Case III, was not the result of extreme delay or bad faith. We find no abuse of discretion and affirm the district court's decision to grant ARIC's motion to amend.

## IV

Rayfield appeals the grant of judgment on the pleadings alleging two errors by the district court: (1) the district court should not have granted ARIC's motion for judgment on the pleadings because the motion "inappropriately [sought] appellate review," and (2) the district court erred in applying collateral estoppel. Rayfield Br. at 13, 16–17.

We review de novo a judgment on the pleadings granted pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (quoting *So. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)).

*Inappropriate Appellate Review.* Rayfield appears to suggest that, because Judge Murphy denied ARIC's motion for summary disposition in Wayne County Case I, and because the parties stipulated to an order of dismissal without prejudice, ARIC was somehow precluded

from seeking summary disposition in Wayne County Case III and so could not rely on the grant

of summary disposition in Wayne County Case III to move for dismissal before the district court.

To the extent Rayfield argues that the denial of ARIC's motion for summary disposition in

Wayne County Case I has preclusive effect or that ARIC's removal to federal court was an

"attempt[] to use the trial court as a sort of appellate review and/or [an] attempt[] to get another

opportunity to get the case dismissed," he is misguided. As the district court explained:

> [A]n interlocutory order denying summary judgment "does not have res judicata
> effect." *Elder v. Twp. of Harrison*, 489 Fed. App'x 934, 936 (6th Cir. 2012),
> citing *Goodrich v. Moore*, 8 Mich. App. 725 (1967) (finding that a state court's
> ruling was not entitled to preclusive effect when it occurred in a case that did not
> result in a final judgment). Moreover, dismissal without prejudice is not a final
> judgment. *Id.* (finding that "[t]he 2009 tort case did not result in any final
> judgment, as [plaintiff's] claims . . . were dismissed without prejudice . . . .").

R. 33, Dist. Ct. Op. at 11–12, PID 767–68.

*Collateral Estoppel.* Rayfield's collateral estoppel arguments also fail. The district court

correctly identified the "critical, overarching dispute between the parties" to be whether Rayfield

paid his renewal premium to ARIC, which would have renewed Rayfield's insurance policy to

cover the date of the accident. Rayfield has testified that he did remit payment, while ARIC

maintains that it never received payment and therefore Rayfield's coverage lapsed in March of

2010. We agree with the district court that Judge Gibson's determination in Wayne County Case

III that "[Rayfield's] former insurance policy with American Reliable Insurance Company was

not in effect at the time of the July 3, 2010 accident" collaterally estopped Rayfield from

relitigating that same issue before the district court. R. 33, Dist. Ct. Op. at 10, PID 766.

Application of collateral estoppel under Michigan law requires that "(1) the issue was

actually litigated and determined by a valid and final judgment, (2) the same parties had a full

and fair opportunity to litigate the issue, and (3) there is mutuality of estoppel." *Wells Fargo*

*Bank, N.A. v. Null*, 304 Mich. App. 508, 520, 847 N.W.2d 657, 667 (2014). We agree with the district court's thorough analysis of these factors and its conclusion that "all elements for collateral estoppel application have been satisfied." R. 33, Dist. Ct. Op. at 9–13, PID 765–69. Additional explanation would be duplicative and is unnecessary. Accordingly, Rayfield is "precluded from re-litigating the issue of whether he paid his insurance renewal premium such that a valid insurance policy existed between the parties at the time of [his] automobile accident," *Id.* at 13, PID 769, and we affirm the district court's decision to grant ARIC's motion for judgment on the pleadings.[2]

We write further to note, however, that "[w]here the prior judgment, or any part thereof, relied upon by a subsequent court has been reversed, the defense of collateral estoppel evaporates." *Erebia v. Chrysler Plastic Products Corp.*, 891 F.2d 1212, 1215 (6th Cir. 1989); *see also, e.g.*, *Kosinski v. C.I.R.*, 541 F.3d 671, 676 (6th Cir. 2008) (noting that "[a] judgment that has been vacated, reversed, or set aside on appeal is thereby deprived of all conclusive effect, both as res judicata and as collateral estoppel"). Should the Michigan Court of Appeals overturn the grant of summary disposition in Wayne County Case III, Rayfield may choose to seek relief from this judgment under Rule 60(b)(5) of the Federal Rules of Civil Procedure: "On motion and just terms, the court may relieve a party . . . from a final judgment . . . [where the judgment] . . . is based on an earlier judgment that has been reversed or vacated." Fed R. Civ. P. 60(b)(5); *see, e.g.*, *Gillispie v. Warden, London Corr. Inst.*, 771 F.3d 323, 327 (6th Cir. 2014) (noting that Rule 60(b)(5) applies in cases where "the present judgment is based on the prior judgment in the sense of res judicata or collateral estoppel") (quoting *Klein v. United States*, 880 F.2d 250, 258 n.10 (10th Cir. 1989); *Wogoman v. Abramajtys*, 243 F. App'x 885, 888 (6th Cir.

---

[2] Rayfield's brief invocation of the abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37 (1971), is completely misplaced and we agree with the district court that Rayfield's *Younger* claim has no merit.

2007); *see also* 11 C. Wright & A. Miller, M. Kane, Federal Practice and Procedure § 2863, at 334–35 (1973) (explaining that relief under the "based on an earlier judgment" element of 60(b)(5) "is limited to cases in which the present judgment is based on the prior judgment in the sense of claim or issue preclusion").

## V

For the reasons above, we AFFIRM the district court.

**STRANCH, Circuit Judge, concurring.** I reluctantly concur with the lead opinion's determination that collateral estoppel applies. I write separately to express concern about the state court decision that underpins the federal court's collateral estoppel ruling. I believe that the state court decision was based on a legal principle that both our circuit and Michigan state courts have rejected.

Because the circumstances of this case play a role in my concern about the state court decision, I begin with an explanation of additional facts. On July 3, 2010, while driving northbound on Allen Road in Wayne County, Michigan, Billy Rayfield was struck head-on by a southbound Chevrolet Camaro. Rayfield was driving a 1923 Ford T-Bucket Roadster, a collectible car that is not equipped with seatbelts, and was thrown approximately 10 feet from the car upon impact. The driver of the Camaro failed three tests of sobriety at the scene of the accident and was ultimately charged with operating a vehicle under the influence of liquor or drugs.

Rayfield was rushed to Oakwood Hospital, where his doctors performed emergency surgery and two blood transfusions. He was hospitalized for two months, remaining in a coma for a period of time. Upon release, Rayfield called ARIC and was informed that it had not received a renewal payment and that his policy had lapsed.

Although ARIC did not have a record of Rayfield's payment, Rayfield testified that he sent a money order to ARIC in April 2010.[1] Rayfield kept all documents related to the car, including his insurance information, in a shoebox under his car seat. His receipt for the money

---

[1] The lead opinion notes that "Rayfield testified that he sent a money order to . . . 11222 Quail Roost Drive, Miami, Florida," and that he "does not dispute that this was not the address or entity to which he was instructed to remit payment." The director of operations accounting at ARIC, however, testified that "procedures were in place to address the situation of a check or money order in payment of a renewal premium for an ARIC insurance policy, issued by [ACI], being received in the mail at 11222 Quail Roost Drive, Miami, Florida." (R. 20-14, at PageID 317.)

order was lost in the accident, because the crash ripped this seat from his car and soaked most of his belongings in gas.  Police officers disposed of the shoebox before impounding his car.

Rayfield purchased the money order at a local party store.  He attempted to obtain a copy of the receipt after the accident, but the party store told him that they could not do so without the receipt number.  Upon returning to the party store, Rayfield found it had gone out of business.

Several weeks after mailing the money order, Rayfield says, ARIC sent him a certificate of no-fault insurance.  A copy of the certificate, which Rayfield provided with his summary judgment briefing, says that the certificate was issued on March 27, 2010 and expires on March 27, 2011.  Laura Marakovits, a claims supervisor at ARIC, testified that this certificate was included in a renewal packet sent in January 2010.  She conceded, however, that ARIC does not have proof that the renewal packet was in fact sent to Rayfield in January 2010; she could only testify to ARIC's general practice of doing so.  The certificate itself does not indicate that it is not yet valid or that its validity is conditional pending receipt of payment of a renewal premium.

Both the state and federal cases turned on the same factual dispute:  Did Rayfield renew his auto-insurance policy with ARIC prior to the accident?  In my view, Rayfield's testimony that he mailed the renewal payment to ARIC, together with the seemingly-valid no-fault insurance certificate, was sufficient to create a genuine dispute of fact as to this question.  The first state court judge reached this conclusion and denied summary disposition.  But the second state court judge concluded otherwise.  Considering the same evidence, Judge Sheila Gibson found that Rayfield's "uncorroborated and self-serving testimony" was "insufficient, as a matter of law, to create a material issue of fact."

Judge Gibson does not cite any authority for this proposition, even though it is the fundamental building block of her decision.  In all likelihood, that's because Michigan does not

have any such rule. The Michigan summary disposition standard tracks the federal summary judgment standard. *See Barnard Mfg. Co. v. Gates Performance Eng'g, Inc.*, 285 Mich. App. 362, 379, 775 N.W.2d 618, 628 n.7 (2009) ("Because our court rules are patterned after the federal court rules, in the absence of state authority, this Court may consider federal authorities that interpret analogous provisions of the federal rules." (internal citation omitted)); *id.* at 378, 775 N.W.2d at 628 (citing federal caselaw "under the analogous provisions of [Rule 56]"); *Karbel v. Comerica Bank*, 247 Mich. App. 90, 95-97, 635 N.W.2d 69, 73 (2001) (noting that Mich. Comp. Laws § 2.116 "is modeled in part on Rule 56(e) of the Federal Rules of Civil Procedure"); *Baxter v. Lapeer Health Servs. Corp.*, No. 175482, 1996 WL 33324078, at *3 (Mich. Ct. App. July 19, 1996) (observing that that § 2.116(C)(10)—the section of § 2.116 that permits summary disposition when there is "no genuine issue as to any material fact"—"is derived word for word from corresponding [federal Rule 56]," and relying on federal advisory committee commentary).

At the federal level, we have "explicitly found that a plaintiff's testimony is itself sufficient to create a genuine issue of material fact." *Moran v. Al Basit LLC*, 788 F.3d 201, 206 (6th Cir. 2015). We have also held that "[a] court may not disregard evidence, including the plaintiff's own testimony, merely because it serves the interests of the party introducing it." *Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 239 (6th Cir. 2010). Consistent with these federal cases, when Michigan circuit courts have granted summary disposition on the ground that the only evidence was "self-serving" testimony, at least two Michigan appeals courts have reversed. *See Esshaki v. Millman*, No. 283297, 2009 WL 692451, at *3 (Mich. Ct. App. Mar. 17, 2009); *Sarkis v. Cincinnati Ins. Co.*, No. 280860, 2008 WL 4891487, at *2 (Mich. Ct. App. Nov. 13, 2008). Accordingly, I think that Judge Gibson's decision rests on an erroneous legal

principle—indeed, a principle that would improperly result in summary dismissal of any case in which the plaintiff must rely on his or her own testimony to prove the claim.

Although Judge Gibson does not cite any authority, her error might stem from a misunderstanding of the rule related to affidavits that contradict a party's earlier testimony. Michigan courts have held that a party's "subsequent affidavit, which contradicts [their] deposition testimony, is *self-serving* and cannot create a genuine issue of material fact." *Brow v. Zenith Data Sys. Corp.*, No. 202842, 1998 WL 1991617, at *6 (Mich. Ct. App. June 5, 1998) (emphasis added); *see also, e.g.*, *Downer v. Detroit Receiving Hosp.*, 191 Mich. App. 232, 234, 477 N.W.2d 146, 147 (1991) ("Parties may not create factual issues by merely asserting the contrary in an affidavit after giving damaging testimony in a deposition."). We too have held that "[a] directly contradictory affidavit should be stricken unless the party opposing summary judgment provides a persuasive justification for the contradiction." *Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 908 (6th Cir. 2006). Neither our cases nor the Michigan cases in any way suggest that a plaintiff's own testimony is insufficient, as a matter of law, to create a genuine dispute of material fact. Rather, they hold that if the plaintiff's testimony is consistent, it must be considered at summary judgment. *See, e.g.*, *Dye v. Office of the Racing Comm'n*, 702 F.3d 286, 308 (6th Cir. 2012) (declining to strike affidavit because the opposing party had not shown that "the affidavit directly contradicts the deposition testimony or that the affidavit was effectuated for the purpose of creating a sham issue of fact").

In his interrogatory responses and two depositions, Rayfield repeatedly and consistently testified that he paid the renewal premium. At summary judgment, he also provided a certificate of no-fault insurance from ARIC, which, according to his testimony, he received after paying the renewal premium. ARIC has a different version of events (for instance, they claim that under

their procedures, the certificate of no-fault insurance would have been included in a renewal packet sent in January 2010), but they have not shown that the testimony on which Rayfield relies contradicts his earlier testimony. Absent this showing, Rayfield's testimony and certificate of no-fault insurance were sufficient to create a genuine dispute of material fact. The first state court judge reached this conclusion. Judge Gibson should have as well.